The final case on our call this morning is case number 107091, agenda number 3, People of the State of Illinois v. Jefferson Davison. Counsel, you may proceed. Thank you, Your Honor. May it please the Court? Counsel? My name is Michael Vonneman. I represent Jeffrey Davison. The simple issue in this case, although it's not simple, is whether mob action under these facts can be the underlying felony for felony murder. And I would submit it cannot. Because the same acts arose from and were inherent in the murder of the victim. There is no independent felonious purpose for the conduct between the mob action and the murder. And the first way I can show that, I believe, is just by looking at the charge. The actual charge says that this defendant, while committing a forcible felony mob action or attempt mob action, struck, kicked, and stabbed the victim, Mr. Norwood. So the charge says, while committing the forcible felony, he's killing this guy. He's striking him, he's kicking him, he's stabbing him. The murder is kicking him and stabbing him. It's the same. It's exactly the same. It isn't clear that the defendant set out to kill Norwood, right? There would be an issue as to his intent. I would agree, Your Honor. Or whether the defendant ever intended, set out or ever intended to kill Norwood, or even that the defendant's conduct, in fact, killed Norwood, right? Those are all issues. He did not admit that he killed Mr. Norwood. Is there any significance to that in relation to your argument, that they're one and the same? Well, the only significance would be if one took the position that intent to kill would take felony murder off the table. But I think the issue is, I mean, there is substantial evidence, if the state had wanted to pursue it, that the defendant did intend to kill the victim. Arguably, stabbing four or five times, a motorist that came along said he saw three or four people beating the victim. So I think the fact... I mean, the vast majority of stab wounds were inflicted by the others, isn't it? I would say that's unclear, but I guess it depends on your definition of vast majority. There may have been up to 20 stab wounds, and he did four or five. But if his stab wounds killed the person on their own, we don't know that, I would agree. And did he never admit that he intended to kill him? That's true. But I think you also have to realize that the state filed and pursued intent to kill all the way through the trial, until the very end. Once the felony murder charges were not dismissed, then they dismissed the intentional murder. So all the way through this trial, they were arguing that he intended to kill, and the defense was defending on that issue. I guess my point is, it's not a textbook Morgan situation, isn't it? I'm not saying it isn't a... Like you say, all these cases are tough cases. But would you agree that this case seems to involve a less intimate connection between the predicate felony and the murder than it did in Morgan? Well, certainly the appellate court ruled that way. So yes, certainly. But I think the appellate court was incorrect, because I think they are the same facts. Now, yeah, it's not the same as Morgan, and there is a problem with these cases. I'm not saying there isn't. I mean, the nice standard case, when this all arose, apparently, in common law, was an armed robbery and a murder, and the intent was to rob some place, and somebody gets killed. Maybe the guy pulled a gun, maybe he didn't. It didn't matter. You can't argue self-defense, because you went in there to rob the place. I mean, that's the nice felony murder stuff. Now we're getting into all these things where prosecutors, instead of going with intentional murder... I think the defendant here initially chased the victim and threw a bat at him. Correct. And at some point after that, they began to have a fight with knives. Correct. That's when the murder took place. Correct. So isn't this a little different than Pelton and Morgan? I know the State has a different view on this, but I think that those two cases are distinguishable from this one because of the facts. These seem to be two separate incidents, one leading into the other, but not really a part of the other. Well, arguably there might even be three, because at one point he gets out of the car and throws a bat at the guy because he satisfies he doesn't want to chase him. He doesn't have anything to do with it. He comes back to the car, and the three DeBerrys say, no, you've got to go after him. Then there's a second incident where he catches him, taps him on the shoulder and says, you know, I don't want to fight or anything, something along those lines. The victim turns around and stabs at him. Misses. They fall down. He drops the knife. The victim takes off. So then there's a third incident when the defendant catches up to him again, and that's when the eventual Mr. Norwood dies. In keeping with the theme of Justice Freeman, the State didn't have to prove that the defendant stabbed Norwood before it could prove mob action, right? I think they could, because I say that because that's how they charged him. While committing a forcible entry, forcible felony, he stabbed him. Well, the evidence showed that the stabbing began after Patrick DeBerry began beating Norwood with the bat. True. In other words, the stabbing commenced after the mob action, right? If that is what the court is saying the mob action is, then I would agree. And if, and we touched upon this earlier, if defendant's conduct was not the actual cause of Norwood's death, and arguably here that's tough to decipher with 20 stab wounds and Norwood committing four of those, how could it, quote, arise from or be inherent in the act of murder itself? The mob action? Well, I'm not sure I understand the court's question. Doesn't it have to be arise from or be inherent in the act of murder itself? The mob action does. Yeah. And the mob action. And if the mob action occurred, if they could have charged the mob action prior to the murder, and if the, we don't even know if the defendant's actions constituted the murder. Well, I'm not agreeing that the mob action occurred prior to the murder. I think it occurred in conjunction just the way they charged him. I don't think there was a mob action until they caught him and everybody started stabbing him and things like that happened. Okay. All right. I don't think there was any mob action until that point. So you're saying it has to be, you have to consider all the things that happened, right? No, no, no. I'm saying the mob action, the way they stayed charged, occurred when Mr. Norah was stabbed and kicked and all that stuff happened, not anything else, because that's the way they charged him. So if they had charged him with mob action based upon throwing the bat at him, then it would be a proper felony murder? That would be a whole different situation if they had two or more people and they had use of force. Did they have two or more people when he threw the bat at him? Well, maybe not. Maybe it wouldn't be mob action. Maybe it would be an assault by this defendant for throwing a bat. But that followed a chase by people. Is that the mob action? The throwing of the bat followed a chase by a number of people. Is that the mob action? No, I don't think so, Your Honor. I think he threw the bat to show that, that he didn't want to be involved with this guy and he wanted to go back to the car. I would say that's not mob action. I thought he threw the bat at him. In his direction. But still, I don't think that's mob action. If no other reason, there wasn't two or more people involved. I think what happened is the mob action isn't until they come together and this poor guy is killed. And I think it's more egregious than the state dismisses the intentional murder charge. And the defendant had, it did submit jury instructions on self-defense. You believe the state presented evidence of intentional murder, don't you? Yes, I do, Your Honor. They charged it. They presented evidence of it. All the way through the trial, they thought that there was intentional murder. And there was evidence of it. He stabbed him four or five times. There was an independent witness saying he saw three or four people stabbing him. Well, to prove mob action, the state had to prove the defendant together with one or more other persons to serve the public peace for the use of force or violence. Correct. And you are saying there was no use of force or violence until they all came together and the stabbing occurred? Correct. The throwing of the bat, the chasing was not? I'm sorry. There was no use of violence by more than one person until that occurred. I think he fought independently with him. He threw the bat at him, came back to the car. He caught him again and grabbed his arm. Maybe I don't have the facts right, but aren't the facts that the defendant gathered with the DeBerry brothers to go get Norwood, right? When they found him, the defendant exited the vehicle with at least one of the DeBerry brothers. That's more than one. Threw a baseball bat at Norwood, chased him, grabbed him, and then started stabbing him several times. I think the defendant's version is that DeBerry may have gotten out of the car with him. That may be true. But he said he only went that way and threw a bat at him to show that he didn't want any more to do with it. He got rid of the thing that was in his hand and went back to the car. His intent from his testimony was, you're right, he didn't want anything to do with this murder. Would you say, then, that if this Court looks at these facts and there's an assertion where this Court believes that the mob action occurred first, not the murder and the mob action together or the other way around, that then your position fails because it's not inherent in the murder? If this Court finds that the mob action occurred perhaps when he fought with him one-on-one, but that's not the way they charged it. That's not what the State argued. Okay, but if we feel the mob action occurred first, does the Morgan issue fail? It's more of a problem, I would agree. And that's what the appellate court said, that there was a mob action before this. But I don't think there was. And the way you look at it is that that's not the way they charged it. And what the jury ended up with was a mob action with a dead guy. And they could have very well found the mob action, which I think they did find, occurred when the stabbing occurred. That's with more than one person. That's the violence. That's the public disturbing the public peace. But that's all the same. And, again, I'd like to get back to that this makes it even worse because he was not allowed to put forth self-defense, which may or may not apply. Maybe you're not going to believe self-defense, but maybe unreasonable self-defense was a perfectly valid jury instruction. If you had tried to assert a self-defense after the intentional murder had been dismissed, would you have been allowed to do it? No, he wasn't allowed to do it. That's exactly what happened. That's why he asserted, if I recall the facts, he asserted his jury instructions. There was some conferencing going on, and they broke for the evening. I think they came back the next day, and the state says, well, we're dismissing intentional murder. The judge said, fine, then you're not going to use those jury instructions. I mean, this was pretty much planned out by the state to avoid any possible jury instructions of unreasonable self-defense. Then they could just argue this is a mob action because they fought together with other guys and there was a dead person. So it doesn't matter if he had unreasonable self-defense there. You don't get to raise it. And I think that's the inherent unfairness of this fact situation, which is why I understood anyway why the original cases came down was the state can somehow shortcut intentional murder by charging felony murder, taking out self-defense, taking out unreasonable self-defense, and get convictions. Do you agree with the state that our prior decisions have adopted the same act doctrine? I don't because there's also the independent felonious purpose that's necessary. And then Justice knows more about that theory than I do, I'm sure. But as I understand it, the same act doesn't incorporate the independent felonious purpose, which under my theory is, yeah, it's the same act. And as Justice Cook said in his dissent, there wasn't any independent felonious purpose. The mob action and the murder had the same purpose. Well, if that's all the questions I have, that's all. I mean, all the questions you have, that's all I have. Thank you. Thank you. Good morning, Your Honors. Counselor, may it please the Court, Assistant Attorney General Garson Fisher for the people. I'm going to begin, Your Honors, by addressing the case under the same act doctrine or the requirement that there be a felonious act other than the conduct that resulted in the defendant's death because that's where the bulk of the defendant's argument was focused. And I want to be clear that the people's position is that Morgan and Pelt are distinguishable, that this case is just that Morgan and Pelt are distinguishable from this case. This case is like Davis. So that even under the same act doctrine, felony murder was an appropriate charge in this case. But a felony murder predicated on the mob action. In Davis, the defendant in that case joined with a group in beating the victim to death. I thought the state argued to abolish the felony murder analysis. Yes, Your Honor. And it is the state's position that a test based purely on a separate felonious purpose other than killing the victim would more closely effectuate the legislative intent in enacting the felony murder statute. But it is also the state's position that under the same act doctrine, felony murder was an appropriate charge in this case predicated on the mob action. Because as in Davis, it was unclear who struck the blows that killed the victim. Counsel, it may be just for my information, but what is your position relative to causing a defendant to lose a legitimate self-defense defense because of your charging the felony murder? Your Honor, to make a self-defense or unreasonable self-defense argument, a defendant has to concede that they intended to kill the victim. They intended to kill the victim because of a belief, either correct or incorrect, that they were acting in self-defense. They need evidence of that. He doesn't really have to concede. In making his argument, it may appear to be a concession. I guess my concern is in this whole area is we've gotten into this quagmire, and we really shouldn't be. And I would implore the state to charge first degree murder when it's first degree murder. Well, Your Honor, I believe the General Assembly has laid out conditions with a separate mens rea than knowing or intentional murder on which they wish to hold the defendant criminally responsible pursuant to first degree murder for a death that occurs. And that's when that death occurs in the commission of a forcible felony. You take, for example, the case of an arson, which is specifically listed as a forcible felony in the statute defining forcible felonies. A defendant could set fire to a home not knowing that someone was inside it, and a victim died because of that fire. They didn't intend to kill the victim. They didn't know that their actions were likely to kill the victim. And there was a single felonious act there. But I think it's clear from the plain language of the felony murder statute and the definition of forcible felonies that that is exactly the kind of situation in which the General Assembly did intend a defendant to be criminally responsible for the death that occurred pursuant to first degree murder. So that's why a separate felonious purpose test gives better effect to the legislative intent. And the purpose, the separate purpose, is not there has to be two different purposes acting in concert. The question is, was the defendant's purpose in acting something other than killing the victim? And here the defendant's purpose by his own testimony was not to kill the victim. There's evidence that his intent was to participate in a mob action. How do you address counsel's argument regarding the charging instrument here?  First, even taking the defendant's reading of the charging instrument and how narrowly he construes mob action, there's evidence that at one point during the course of a series of events that the people, say, constitute the mob action, Patrick DeBerry cut off the victim's escape, hit him with a bat. The victim turned back towards the defendant. The defendant stabbed the victim. The victim then continued on and was then surrounded by the rest of the group and stabbed to death. Even taking a very narrow reading, and we don't believe there's any reason to read mob action as narrowly as the defendant does, but even taking that very narrow reading, at that point mob action's been proven. The victim hasn't been murdered yet. To, you know, draw the distinction with Morgan and to use some of the reasoning that the court brought out in Morgan when focusing on this question of a separate felonious act, it's a question of cause and effect. The defendant didn't commit mob action because he was in the process of committing a murder. The defendant committed mob action, and because he was engaging in this forcible felony, somebody died. And it wasn't necessary to, in addition to the evidentiary points that the reasoning that came out. It should be regardless of whether there's a merger in the charging instrument or not, that the way that the facts come out of trial would control in this particular situation or? Yes, Your Honor. I mean, to charge felony murder, one is always charging that the death occurred in the course of committing the forcible felony. That is the statute. The question is, if the court maintains the test that it appears to have adopted in Pelton, Morgan, and Davis, the question is purely whether the act that constituted the murder arose from and it was inherent, or excuse me, the act that constituted the forcible felony was inherent and arose from committing the murder. And in this case, the murder arose from committing the forcible felony. The act of the forcible felony didn't arise from committing the murder, and they certainly weren't inherent in. At many of the steps along the way, the state already had proven mob action had occurred well before the victim was dead. And in fact, the state never had to prove that the defendant delivered the killing blow in order to establish mob action,  And in that case, the court found that mob action was a proper predicate felony for, excuse me, yes, a proper predicate felony for felony murder. If Your Honors don't have further questions on whether or not this was an appropriate charge, as the state believes it was under the test that appears to have been adopted in Davis and Morgan and Pelton, the people also, as Your Honor pointed out, have argued that a felonious purpose test is more appropriate than that same act doctrine. This court has definitely contemplated both tests. In visor, the court explicitly rejected a same act doctrine and focused on separate felonious purposes. And in its subsequent cases, the court hasn't explicitly adopted a same act doctrine or rejected visor. Nevertheless, the court has appeared to adopt a rule that focuses on conduct distinct from the act resulting in the defendant's death as opposed to a purpose. And this standard is inconsistent with legislative intent. I think the arson example that I already discussed is perhaps the best example of that. But there's no language in the felony murder statute or the statute defining forcible felonies to indicate that the legislature intended to limit felony murder to cases where the defendant commits two separate felonious acts. The arson example being a perfect example where the legislature's intent to hold someone criminally responsible for a death that occurs in the course of a forcible felony likely wouldn't result from two separate felonious acts. So the plain language of the statutes seem to indicate that the legislature intended felony murder to apply in cases where there was a single act. What distinguishes felony murder from the other forms of first-degree murder, knowing an intentional murder, is the mens rea component of it, not the actus rea component of it. This court has recognized the purpose of that third form of first-degree murder in Lowry, where the court stated that the purpose of felony murder is to hold the felon responsible for the deadly consequences of his actions in committing a forcible felony. And the same act doctrine thwarts the legislative intent to hold the defendant so responsible. Felony murder acts as a deterrent to violent felonies by subjecting defendants to prosecution for first-degree murder when someone dies, even where the people can't prove the defendant intended to kill the victim. And that purpose was also recognized by this court in Shaw. So by imposing the test that seems to have been adopted in the subsequent cases, it strips felony murder of its intended purpose as a deterrent. And because both the plain language and the purpose that the legislature intended to pursue are thwarted by this doctrine, the people believe that moving to a purpose-focused doctrine, a mens rea-focused doctrine, would give effect to legislative intent. And under that doctrine, the defendant here in this case would be properly convicted of felony murder. The evidence established that he committed mob action. The defendant's companions informed the defendant that their goal was to find Norwood and, quote, get him. And he chose to get in the car with them and set out to hunt for Norwood. When they found him, he jumped out of the car. He gave chase to Norwood. It's disputed what exactly his intent was when he jumped out of the car, but based on the fact that he knew what they were setting out to do when he got into the car, there was certainly sufficient evidence to establish that his intent was to participate in attacking Norwood. Yet defendant had testified that he did not intend to kill Norwood. So this is a case where the defendant acted with the intent based on the evidence to engage in mob action but disavowed any intent to kill the victim. And that's a situation where it fits perfectly into the third form of first-degree murder, in that he was intentionally participating in a forcible felony and someone died as a result of those actions. So to the extent this Court has adopted the same Act doctrine in prior decisions, it should overrule the reasoning in those cases and adopt a separate felonious purpose test that gives effect to the legislature's intent evident from the felony murder statute and the statute defining forcible felonies. But under either a felonious purpose or same Act test, the defendant was properly convicted of felony murder in this case. There was no evidence to show that defendant intended to kill Norwood, but the evidence did prove that defendant intended to commit mob action, did commit that violent felony, and the commission of that violent felony resulted in Norwood's death. But additionally, the evidence necessary to prove mob action was separate from the evidence necessary to prove murder. In other words, the conduct that constituted mob action did not arise from and it was not inherent in the Act that resulted in Norwood's death. Norwood was murdered because defendant committed mob action, not the other way around. Unless Your Honors have additional questions for these reasons, as well as those stated in their brief, the people respectfully request that this Court affirm the appellate court's judgment upholding defendant's conviction for felony murder. May it please the Court, just a couple of points. The State keeps talking about mob action being separate from the murder, but they never even charged mob action. They never said the defendant committed mob action in that he chased this guy with somebody else or that he threw a bat with somebody else or anything like that. They charged him with mob action in that he struck and stabbed Mr. Narmont with these other people and ergo felony murder. They set this up to be the same thing. They could have easily charged him with mob action and murder and he didn't do it. So now to come back on Monday morning and quarterback it and say, well, maybe the mob action occurred prior to the death of Mr. Narmont, that's not the way they approached it. They set it up this way so the defendant couldn't use his legitimate defenses that are an issue of fact for the jury to decide. Now, maybe the jury wouldn't have decided in his favor, but we never know that because of the way the State set this up. The second point. However, if the State had charged mob action separately and then charged felony murder based on mob action and charged knowing and intentional murder, would you not be in the same position if the State ultimately dismissed the knowing and intentional with regard to the defense? Well, it wouldn't make my position not as strong because, listen, what if the mob action was related to the murder as they did charge it? What if they charged separately mob action in that he struck and stabbed Mr. Narmont with the help of other people? Then it's the same case again. If they charged mob action in that something else had occurred before the death of the victim, then that's a different case. So no, I don't think so. As far as overruling these court's decisions in Morgan, Pelt, and Davis, a couple of points. One is the State never raised this before, so arguably it's forfeited. The State always says that to us. The second point I'd like to make is, again, there's no independent felonious purpose here. The mob action and the murder have the same purpose. And just one other point if I could on Davis. It was a mob action, but Davis, all he did was swing at this guy. And that's all the evidence they ever had against him, which is totally different than this case where my client stabbed him possibly four or five times. That's all I have. Thank you. Case number 107091 will be taken under advisement as agenda number three.